```
                                FILED
                         U.S. DISTRICT COURT
                         DISTRICT OF NEBRASKA

                         2025 AUG 26  PM 12:20

                         OFFICE OF THE CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 8:25CR120 |
| ROMEO EDILZAR YAXCAL-TIUL, a/k/a ROMEO JUAREZ LOPEZ, a/k/a REGINALDO CAAL-CHUB, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Lesley A. Woods, United States Attorney and Kathryn A. Pflug, Assistant United States Attorney, and defendant, ROMEO EDILZAR YAXCAL-TIUL, a/k/a ROMEO JUAREZ LOPEZ a/k/a REGINALDO CAAL-CHUB, and Yvonne D. Sosa, counsel for defendant, as follows:

## I
## THE PLEA

A. CHARGES.

Defendant agrees to plead guilty to Counts I and III of the Indictment. Count I charges a violation of Title 42, United States Code, Section 408(a)(7)(B), subject to sentencing under Title 18. Count III charges a violation of Title 18, United States Code, Section 111(a)(1).

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

   1. The United States will move to dismiss Count II at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

*Count I*

1. The defendant knowingly represented a number to be the social security account number assigned by the Commissioner of Social Security to the defendant;
2. At the time the social security account number was used, it had not been assigned by the Commissioner of Social Security to the defendant;
3. When the defendant made this false representation, he intended to deceive; and
4. When the defendant made this false representation, he did so to satisfy a requirement of section 274A(b) of the Immigration and Nationality Act.

*Count III*

1. The defendant forcibly resisted, opposed, impeded, and interfered with an officer or employee of the United States;
2. Defendant's resistance was done voluntarily and intentionally; and
3. At the time of the assault, the officer or employee was doing what he was employed by the federal government to do.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. In order to qualify for employment at a restaurant business ("Employer"), located in the District of Nebraska, the defendant, ROMEO EDILZAR YAXCAL-TIUL, completed and signed an I-9 Employment Eligibility Verification form on or about October 2, 2024, using the name "Romeo Juarez Lopez" and Social Security Number (SSN) XXX-XX-3218. On his I-9 form, the defendant attested that he was "A lawful permanent resident" by checking the appropriate box and provided an Alien Number (A#) of XXX XXX 888. In support of his I-9 form, defendant provided as proof of identity a Social Security Card bearing the name "Romeo Juarez Lopez" and SSN XXX-XX-3218 as well as a Legal Permanent Resident Card bearing the same name and A# XXX XXX 888. The representative of Employer who completed and signed the employer portion of the I-9 form of defendant confirmed defendant began working at Employer as a dishwasher on October 11, 2024.

3. A records check of the Legal Permanent Resident Card and A# XXX XXX 888 determined that the number was invalid and had never been assigned to any person. The Social Security Administration verified that SSN XXX-XXX-3218 is an "invalid SSN," meaning it has not been assigned to any person and was not assigned to the defendant at the time defendant used it.

4. On June 1, 2025, Homeland Security Investigations (HSI) and Immigration & Customs Enforcement (ICE) were conducting surveillance of a residence associated with the brother of defendant, who HSI/ICE was attempting to locate as part of their immigration enforcement and removal operations. HSI/ICE observed a male matching defendant's brother's description leave the residence and drive to the parking lot of Employer. The observed male was later identified as defendant. As defendant exited his vehicle into the Employer parking lot, HSI Agent 1 exited his law enforcement vehicle and made eye contact with defendant, who then dropped a backpack and appeared to Agent 1 to be preparing to flee. Agent 1, wearing tactical gear with clear law enforcement markings, loudly identified himself as "Police" and told defendant not to move. Defendant instead took off running toward the covered patio area of Employer; Agent 1 pursued. Defendant jumped into a booth of the patio seating area in which multiple patrons were sitting, at which time a restaurant patron took action to secure the defendant on the ground until Agent 1 and an ICE Deportation Officer were able to catch up to defendant. As Agent 1 and the ICE officer attempted to secure defendant in handcuffs, defendant resisted, pulling his hands away and manipulating his body to prevent being handcuffed. Eventually, defendant was successfully secured and escorted to the ICE officer's vehicle for transport.

5. Defendant then identified himself by his true name and admitted to being a native and citizen of Guatemala unlawfully present in the United States. During ICE processing, it was determined defendant was previously encountered by immigration authorities in 2022, first when he attempted to cross the southern border by pretending to be an unaccompanied alien child and again a few days later. On both occasions, he was expelled by United States Customs & Border

Patrol. Despite his representation his I-9 form, defendant is not a legal permanent resident.

## III
## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty in Count I carries the following penalties:

1. A maximum 5 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

B. COUNT III. Defendant understands that the crime to which defendant is pleading guilty in Count III carries the following penalties:

1. A maximum 1 year in prison;
2. A maximum $100,000 fine;
3. A mandatory special assessment of $25 per count; and
4. A term of supervised release of not more than 1 year. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# V
# SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.   ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.   CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

F.   RECOMMENDATION REGARDING CUSTODY.

The parties will recommend that the defendant be sentenced to a term of incarceration within the advisory Guidelines range as calculated by the Court at the time of sentencing.

G.   IMMIGRATION CONSEQUENCES.

Defendant is aware of and acknowledges that his plea pursuant to this plea agreement may have immigration consequences up to and including possible deportation.

**VI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

    (c) A right to file a motion under Section 3582(c)(1)(A);

      1. the general right to file a compassionate release motion;

      2. the right to file a second or successive such motion; or

      3. the right to appeal the denial of a compassionate release.

 The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

 If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

### BREACH OF AGREEMENT

 Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

 In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## **MODIFICATION OF AGREEMENT MUST BE IN WRITING**

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
LESLEY A. WOODS
United States Attorney

8/26/25
Date

KATHRYN A. PFLUG
ASSISTANT U.S. ATTORNEY

7/18/25
Date

ROMEO EDILZAR YAXCAL-TIUL
DEFENDANT

7/18/25
Date

YVONNE D. SOSA
COUNSEL FOR DEFENDANT